IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-44-BO-1

UNITED STATES OF AMERICA          )
                                  )
            v.                    )          **ORDER OF DETENTION PENDING**
                                  )                        **TRIAL**
MARK ANTOINE MILLS,               )
                                  )
            Defendant.            )

This case came before the court today for hearing on the government's motion, pursuant to

18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of

an officer with the Fayetteville Police Department on an ATF task force, and defendant the

testimony of the proposed third-party custodian, defendant's wife. In addition, defendant submitted

court records relating to his two state felony convictions, one for robbery and one for burglary,

showing that they arose from the same home break-in on 10 April 2000. The court also reviewed

the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the

credible information and argument submitted, and based on the findings and reasons stated below

and in open court, the court finds by clear and convincing evidence that there is no condition or

combination of conditions that will reasonably assure the safety of any other person and the

community before trial. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 23 February 2011 for possession of a firearm, a .41 caliber

revolver, and ammunition by a convicted felon on or about 6 July 2010, in violation of 18 U.S.C.

§§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from

a break-in by defendant and two others into an ATM stand around 2:00 a.m. on the alleged offense

date in a high-crime area of Fayetteville. The group managed to break through a door to an area

behind the ATM that would give them access to the back of the ATM itself. They broke the lock on the door by shooting it multiple times. When police responded to an alarm for the ATM, the group fled on foot. Defendant trailed the other two and he was apprehended; the others were not. In addition to a ski mask, crowbar, and gloves, defendant had the .41 caliber revolver. Police later found six .41 caliber shell casings in the wood line near the ATM. It was determined that the pistol had traveled in interstate commerce. Defendant had been convicted of two felonies as of the alleged offense date.

Police used a canine to do a reverse trace of the path taken by the three to the ATM stand. The path indicated by the canine led to defendant's nearby home on Hillsboro Street and the adjacent residence. Police did a knock and talk with the resident of the adjacent home, searching it with the resident's consent. Defendant's wife answered the door at defendant's residence, but did not permit the police to enter because she had children sleeping in the home and she needed to leave for work in a short time.

Immediately after his arrest and while still at the scene, defendant told police that he found the revolver in a wooded area up the street. In later statements, he said that he bought the pistol for $75.00 from a crack addict. He also told his interviewer that he could have "popped" the officer who pursued and caught up to him, although he also stated that he would not stick a gun in another's face but would commit break-ins using a firearm. He refused to identify the others participating in the attempted theft from the ATM, although he admitted that the three of them had planned the theft.

### Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the

2

offense charged, including its relative recency, the discharge of the subject pistol, its use in the attempted commission of another crime, and defendant's initially lying to police about the source of the subject pistol; defendant's statement that he could have shot the pursuing officer; defendant's criminal record, including the two felony convictions for robbery and burglary noted, unsatisfactory termination of the probation he received for the felony convictions, a misdemeanor conviction (for driving while license revoked), and six failures to appear (primarily in traffic cases); the unsuitability of the proposed third-party custodial arrangement (notwithstanding the strength of the candidate proposed to serve as the custodian) due to the high risk of danger presented by defendant, the absence of the proposed custodian from the home for work over eight hours each weekday, and the location of the proposed custodial home in same high-crime area where the alleged offense was committed; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant does not have as extensive a criminal record as often seen in this court and his felony convictions are not recent, the commission of the alleged offense suggests a resumption of violent felonious activity by defendant. Defendant's statement that he could have shot the pursuing officer, made directly to another officer in an apparent effort to mitigate the seriousness of his conduct, shows that he thought about the potential of such a shooting at some point and tends to reinforce the danger he presents, even if he eschewed such a shooting on the instant occasion. As to flight risk, the court finds that the record does not warrant detention on that basis.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

3

extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 24 day of April 2011.

James E. Gates
United States Magistrate Judge

4